IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ardell P. Jones,                :

    Plaintiff,              :

  v.                            :      Case No. 2:08-cv-0026

Timothy Brunsman, et al.,       :      JUDGE MARBLEY

    Defendants.             :

OPINION AND ORDER

    This prisoner civil rights case is before the Court on several motions.  Plaintiff Ardell Jones has filed a motion to appoint counsel and a motion for default judgment against defendants Charlie McKee, Joe Curtis, Health and Safety Officer, and Maintenance Department.  These defendants have filed a motion for leave to file their answer instanter.  Corresponding memoranda in opposition have been filed.  For the following reasons, defendants' motion for leave to file their answer instanter will be granted and plaintiff's motions to appoint counsel and for default judgment will be denied.

I.

    Turning first to defendants' motion for leave, they contend that, due to an oversight, their request for representation was never processed by the Attorney General's Office.  Defendants assert that their counsel had misread the Court's docket and mistakenly concluded that only defendant Brunsman had been served.  This oversight, defendants argue, constitutes excusable neglect permitting an extension of time under Fed.R.Civ.P. 6(b) for the filing of the answer.  In response, Mr. Jones maintains that defense counsel's error is merely a tactic for delaying this case.

    Fed. R. Civ. P. 6(b)(1)(B) provides that when an act must be

done within a specified period of time, the court may, for good cause, extend the time on motion made after time has expired if the moving party failed to act due to excusable neglect. In determining excusable neglect, a court must balance various factors including:  (1) the danger of prejudice to the nonmoving party: (2) the reason for the delay; (3) the length of the delay and its impact on the proceedings; (4) whether the delay was within the reasonable control of the moving party; and (5) whether the moving party acted in good faith.  Pioneer Inv. Servs. Co v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

The record before the Court indicates that defendants and their counsel have acted in good faith.  Additionally, the defendants' delay in filing an answer was very short and has had no impact on this proceeding.  Mr. Jones has not submitted any evidence to the contrary.  Moreover, Mr. Jones has not asserted that he will suffer any prejudice if defendants' motion is granted.  Consequently, the defendants motion for leave to file their answer instanter is granted.

## II.

Turning to the remaining pending motions, because defendants' motion for leave will be granted, the Court will deny Mr. Jones's motion for default judgment as moot.

With respect to Mr. Jones's motion to appoint counsel, it should be noted that the Court does not have the power to appoint counsel to serve in this case unless counsel is also willing to serve.  The Court's power under 28 U.S.C. §1915(e)(1) is limited to requesting that an attorney represent an in forma pauperis litigant.  Mallard v. United States District Court, 490 U.S. 296 (1989).  In determining whether to request that an attorney represent the plaintiff, however, the Court is guided by the following principles.

In prisoner litigation, counsel is appointed only in an

exceptional case, and such appointment is not appropriate when the likelihood of the prisoner's success on the merits is highly dubious. Willett v. Wells, 469 F. Supp. 748 (E.D.Tenn. 1977), aff'd 595 F.2d 1227 (6th Cir. 1979). Such an exceptional case exists when "denial of proper representation would result in fundamental unfairness impinging upon the prisoner's due process rights...." Childs v. Duckworth, 705 F.2d 915 (7th Cir. 1983), cited with approval in Mars v. Hanberry, 752 F.2d 254 (6th Cir. 1985). In Childs, the Court identified the following factors to be considered: (1) whether the plaintiff's claim appears to be meritorious; (2) the plaintiff's ability to investigate the factual matters at issue; (3) whether the case is highly dependent upon effective cross-examination, such as where proper resolution depends upon determining which of several witnesses is being truthful; (4) whether the plaintiff appears capable of presenting the evidence in a coherent fashion; and (5) the complexity of the factual and legal issues presented. See also Maclin v. Freake, 650 F.2d 885 (7th Cir. 1981), stating that the existence of a colorable claim is only a threshold which must be passed in order to permit the Court to consider requesting that counsel serve, and that, even in a case where the plaintiff's claim is colorable, if the plaintiff is able to make an investigation, the testimony will not be substantially in conflict, and the plaintiff can present the evidence, counsel need not be appointed.

Here, Mr. Jones asked that counsel be appointed for him by a motion filed February 13, 2008. Since this action has not yet progressed to the point that the Court is able to evaluate the merits of plaintiff's claim, the motion for appointment of counsel will be denied. Mars v. Hanberry, 752 F.2d 254 (6th Cir. l985).

### III.

As set forth above, the Court grants defendants' motion for leave to file their answer instanter (#15). The Clerk shall

3

detach and file the answer attached to the motion.  Plaintiff's motion for default judgment (#14) is moot and shall be removed from the Court's pending motions list.  His motion to appoint counsel (#5) is denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp  
United States Magistrate Judge