IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ardell P. Jones,                    :

          Plaintiff,                :

     v.                             :     Case No. 2:08-cv-0026

Timothy Brunsman, et al.,           :     JUDGE MARBLEY

          Defendants.               :


<u>REPORT AND RECOMMENDATION</u>

     Plaintiff, Ardell Jones, an inmate at the Chillicothe
Correctional Institution, filed a complaint pursuant to 42 U.S.C.
§1983 seeking punitive damages and injunctive relief.  Mr. Jones'
claim arises out of an incident that occurred at CCI in October
2006.  Mr. Jones alleges that he was injured when a Plexiglas
shower window fell on him.  This matter is currently before the
Court on cross-motions for summary judgment and plaintiff's
motions to compel and for the appointment of counsel.  For the
following reasons, the Court will recommend that defendants'
motion for summary judgment be granted, Mr. Jones' motion for
summary judgment be denied, and Mr. Jones' motion to compel and
motion for appointment of counsel be denied as moot.

                              I.

     Summary judgment is not a substitute for a trial when
facts material to the Court's ultimate resolution of the case
are in dispute.  It may be rendered only when appropriate
evidentiary materials, as described in Fed. R. Civ. P. 56(c),
demonstrate the absence of a material factual dispute and the
moving party is entitled to judgment as a matter of law.
<u>Poller v. Columbia Broadcasting Systems, Inc.</u>, 368 U.S. 464
(1962).  The moving party bears the burden of demonstrating
that no material facts are in dispute, and the evidence

submitted must be viewed in the light most favorable to the
nonmoving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144
(1970).  Additionally, the Court must draw all reasonable
inferences from that evidence in favor of the nonmoving
party.  United States v. Diebold, Inc., 369 U.S. 654 (1962).
The nonmoving party does have the burden, however, after
completion of sufficient discovery, to submit evidence in
support of any material element of a claim or defense on
which that party would bear the burden of proof at trial,
even if the moving party has not submitted evidence to negate
the existence of that material fact.  See Celotex Corp. v.
Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby,
Inc., 477 U.S. 242 (1986).  Of course, since "a party seeking
summary judgment ... bears the initial responsibility of
informing the district court of the basis for its motion, and
identifying those portions of [the record] which it believes
demonstrate the absence of a genuine issue of material fact,"
Celotex, 477 U.S. at 323, the responding party is only required
to respond to those issues clearly identified by the moving party
as being subject to the motion.  It is with these standards in
mind that the instant motions must be decided.

II.

Mr. Jones claims that the defendants failed to eliminate a
hazardous condition at CCI which presented a harmful risk.  The
Court construes Mr. Jones' claim as one asserting that the
defendants exhibited deliberate indifference to his safety in
violation of the Eighth Amendment.  Mr. Jones sets forth the
following factual allegations in his complaint and deposition.

Mr. Jones was taking a shower under the supervision of
Officer Curtis when a Plexiglas shower window fell on him.  Mr.
Jones was knocked down and injured his head and shoulder.
Officer Curtis assisted Mr. Jones by helping him up and getting

2

him medical attention.  Several months later, Officer Curtis told Mr. Jones that a work order to repair the window was issued to the Maintenance Department one week prior to the incident involving Mr. Jones.  Following the incident, Mr. Jones has worn an elbow brace on occasion and has been prescribed various pain medication but he has never been told by any medical personnel that the problems with his elbow are a result of the incident. (Jones Depo. at pp. 18-21).

In their motion for summary judgment, the defendants do not dispute that the shower window fell on Mr. Jones.  However, they contend that Mr. Jones cannot establish their deliberate indifference because he did not sustain any serious injury as a result of the incident and they were unaware of the condition of the shower window prior to the incident.  In support of their position, they have submitted the affidavits of Alice Ault, the Health Care Administrator at CCI and Joe Curtis, a corrections officer at CCI, as well as Mr. Jones' deposition testimony.

In his motion, Mr. Jones claims that he is entitled to summary judgment based on his allegation that a work order was issued one week prior to his accident.  Mr. Jones has not submitted any evidentiary materials in support of his motion for summary judgment.  In his motion, however, he refers to statements made by various prison officials during the grievance process and he attached various documentation relating to this process to his complaint.  According to Mr. Jones, these statements made in the context of his grievance process constitute an admission of guilt by officials at CCI.

III.

The Eighth Amendment generally prohibits prison officials from being "deliberately indifferent" to the health or safety of prison inmates and, as a result, causing them to suffer unnecessary or purposeless pain or injury.  In <u>Farmer v.</u>

3

Brennan, 511 U.S. 825, 839 (1994), the Court adopted "subjective recklessness as used in the criminal law" as the appropriate definition for deliberate indifference. It held that "a prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety ...." Id. at 837. Officials must be aware of facts from which they could conclude that a substantial risk exists and must actually draw that conclusion. Id. Prison officials who know of a substantial risk to the health or safety of an inmate are free from liability if "they responded reasonably to the risk, even if the harm ultimately was not averted." Id. at 844.

IV.

As stated above, to establish an Eighth Amendment violation, Mr. Jones must demonstrate both the existence of an excessive risk to his health or safety and the prison officials' knowledge of the substantial risk. Mr. Jones has failed to do that here. While there is no dispute that a Plexiglas shower window fell on Mr. Jones, he has not established the existence of an excessive risk to his safety. According to Ms. Ault's affidavit, while Mr. Jones was evaluated by a staff nurse immediately following the incident, no significant injuries were noted in his medical records. Ault Affidavit at ¶8. Further, when Mr. Jones was evaluated by a physician at CCI two weeks after the incident, no significant injuries were noted. Id. at ¶9. Additionally, when Ms. Ault examined Mr. Jones approximately three weeks after the incident she did not find any significant injury resulting from the incident. Id. at ¶10. The Chief Inspector's decision attached to Mr. Jones' complaint confirms this lack of finding.

Mr. Jones has provided no evidence to the contrary. In fact, his deposition testimony contains no evidence which would

4

allow a reasonable trier of fact to conclude that an excessive risk to his safety existed. Mr. Jones testified that the window was not glass, that it was approximately two inches thick, and that it weighed less than 100 pounds. Depo. at 18-19. According to Mr. Jones, he was strong enough to, and did, lift the window off of himself after it fell. Id. at 15, 18. Additionally, Mr. Jones stated that he was taken by surprise when the window fell on him. Id. at 18. Based on this testimony, Mr. Jones has failed to demonstrate that the condition of the window was so extreme as to pose an unreasonable risk of serious damage to his future health or safety. See generally Hudson v. McMillian, 503 U.S. 1, 9 (1992); Helling v. McKinney, 509 U.S. 25, 35 (1993).

Further, according to Mr. Jones' testimony, immediately after the incident he was examined and he may have received aspirin but his arm was not bandaged. Depo. at 23-24. Mr. Jones was not told at that time that any problem existed which would require further evaluation. Id. at 24. Further, no medical professional has ever told him that any problems he is experiencing with his elbow is a result of the incident. Id. at 21. This testimony cannot support a conclusion that Mr. Jones suffered any kind of serious injury as a result of the incident at issue here.

This lack of evidence of a serious injury, further demonstrates that the condition of the shower window did not present an excessive risk to Mr. Jones' safety within the contemplation of the Eighth Amendment. Given that Mr. Jones has failed to establish the existence of an excessive risk, the Court need not address Mr. Jones' allegation that the defendants were aware of the condition of the shower window prior to the incident. To the extent that Mr. Jones relies on this allegation as the primary basis for his motion for summary judgment, his motion cannot succeed. Moreover, even assuming Mr. Jones'

allegation regarding the work order is true, he has at best alleged some type of negligence. While it can be debated whether taking a week to repair a defective window is excessive, there is no evidence that anyone involved with the maintenance of the window either was or should have been reasonably certain that, if the repair was not made promptly, someone would be seriously injured. A demonstration of deliberate indifference in violation of the Eighth Amendment requires a showing of "something more than mere negligence. . . ." <u>Farmer v. Brennan</u>, 511 U.S. at 837, and facts like these are simply insufficient to prove that the kind of studied neglect of dangerous conditions inside the prison which can lead to serious injuries was present here. Consequently, the Court will recommend that the defendants' motion for summary judgment be granted and that Mr. Jones' motion for summary judgment be denied. In light of this, the Court further recommends that Mr. Jones' motion to compel and motion for appointment of counsel be denied as moot.

V.

Based upon the foregoing, it is recommended that the defendants' motion for summary judgment (#35) be granted and that this case be dismissed with prejudice. It is further recommended that plaintiff's motion for summary judgment (#36) be denied and that plaintiff's motion to compel (#37) and motion for appointment of counsel (#50) be denied as moot.

<u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to

which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

<u>/s/ Terence P. Kemp</u>
United States Magistrate Judge