IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ardell P. Jones,                :
    Plaintiff,              :
  v.                            :   Case No. 2:08-cv-0026
Timothy Brunsman, et al.,       :   JUDGE MARBLEY
    Defendants.             :

ORDER

This matter is before the Court on the objections filed by plaintiff Ardell Jones to the Report and Recommendation issued by the Magistrate Judge on May 14, 2009. The Magistrate Judge recommended that the defendants' motion for summary judgment be granted, Mr. Jones' motion for summary judgment be denied, and the motions to compel and for appointment of counsel be denied as moot. For the following reasons, the objections will be overruled and this case will be dismissed.

I.

When objections are received to a Magistrate Judge's report and recommendation on a dispositive matter, the District Judge "shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b). After review, the District Judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the Magistrate Judge with instructions." Id.; see also 28 U.S.C. §636(b)(2)(B).

II.

Mr. Jones' claim arises out of an incident that occurred at the Chillicothe Correctional Institution in October 2006. Mr. Jones alleges that he was injured when a Plexiglas shower window

fell on him.  In his complaint he claimed that the defendants failed to eliminate a hazardous condition at CCI which presented a harmful risk.  The Magistrate Judge construed this claim as one asserting that the defendants exhibited deliberate indifference to Mr. Jones' safety in violation of the Eighth Amendment.

The Magistrate Judge recommended that defendants' motion for summary judgment be granted based on Mr. Jones' failure to demonstrate that the condition of the window was so extreme as to pose an unreasonable risk of serious damage to his future health or safety.  Additionally, the Magistrate Judge found that the lack of evidence of a serious injury to Mr. Jones further demonstrated that the condition of the shower window did not present an excessive risk to Mr. Jones' safety within the contemplation of the Eighth Amendment.  Finally, the Magistrate Judge found that, assuming as true Mr. Jones' allegation that the defendants were aware of the condition of the shower window prior to the incident, Mr. Jones had at best alleged some type of negligence not cognizable under the Eighth Amendment.  The Magistrate Judge further recommended the denial of Mr. Jones' motion for summary judgment on its merits and the denial of his motions to compel and for appointment of counsel as moot.

The primary focus of Mr. Jones' objection appears to be the Magistrate Judge's recommendation that the motion to compel be denied.  According to Mr. Jones, because he has not been afforded complete discovery, the defendants' motion for summary judgment should not be granted.  Mr. Jones asserts that, with additional discovery, he can establish that his injury was sufficiently serious as to support a finding of defendants' deliberate indifference.  In conjunction with this argument, Mr. Jones challenges the Magistrate Judge's factual finding that he did not suffer a serious injury as a result of the window incident. Finally, Mr. Jones objects, without discussion, to the

2

recommended denial of his motion for appointment of counsel.

In support of his position that additional discovery would allow him to demonstrate the severity of his injury, Mr. Jones has submitted a medical restriction statement and cites to various statements in a doctor's report, a copy of which he has not submitted. Mr. Jones offers this information in an apparent attempt to discredit the affidavit of Alice Ault relied upon by defendants. Mr. Jones did not submit any of this information in response to defendants' motion for summary judgment nor in support of his own. It appears from the record that the medical restriction statement may have been filed by Mr. Jones on September 10, 2008 (#28) in connection with a discovery request, but Mr. Jones did not reference it with respect to the summary judgment motions.

Even assuming the Court could consider the information submitted by Mr. Jones in connection with his objections, this information does not support a finding that the defendants were deliberately indifferent to his safety. Even if Mr. Jones suffered a severe injury, the issue with respect to liability is whether the defendants' state of mind was sufficiently culpable to have violated the Eighth Amendment. The Court agrees that the evidence on this point would not allow a jury to find in Mr. Jones' favor on this issue. Moreover, in light of the evidence considered by the Magistrate Judge, including Mr. Jones' own deposition testimony, no additional discovery undertaken by Mr. Jones could warrant a different result.

Pursuant to 28 U.S.C. §636, this Court has conducted a de novo review of the Magistrate Judge's Report and Recommendation and finds Mr. Jones' objections to be completely without merit. Consequently, the Court OVERRULES the objections filed by Mr. Jones (#55) and ADOPTS the Report and Recommendation in its entirety (#53). The defendants' motion for summary judgment

(#35) is granted and this case is DISMISSED with prejudice.  The plaintiff's motion for summary judgment (#36) is denied and the plaintiff's motion to compel (#37) and motion for appointment of counsel (#50) are denied as moot.


    S/Algenon L. Marbley
Algenon L. Marbley
United States District Judge