IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ardell P. Jones,                    :

    Plaintiff,                  :

  v.                                :       Case No. 2:08-cv-0026

Timothy Brunsman,                   :
et al.,                             :       JUDGE MARBLEY

    Defendants.                 :

ORDER

This matter is before the Court on the motion filed by plaintiff Ardell Jones on July 21, 2009, requesting amendment, clarification, and/or reconsideration of the July 16, 2009 order which overruled his objections to the Magistrate Judge's Report and Recommendation and adopted such report in its entirety. That order expressly granted the defendants' motion for summary judgment, denied Mr. Jones' motion for summary judgment, and denied his motions to compel and for appointment of counsel as moot. Because the motion for reconsideration was filed within ten days of that order, the Court will construe it as a motion to alter or amend judgment under Rule 59(e) of the Federal rules of Civil Procedure.

I.

The purpose of a motion to alter or amend judgment is to correct manifest errors of fact or law. Romero-Vargas v. Shalala, 907 F.Supp. 1128, 1135 (N.D. Ohio 1995). It is not ordinarily the function of a motion to reconsider either to renew arguments already considered and rejected by a court or to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial

consideration of the issue. McConocha v. Blue Cross and Blue Shield Mut. of Ohio, 930 F.Supp. 1182, 1184 (N.D. Ohio 1996). If a party disagrees with the Court's decision on a legal issue, its "'proper recourse' is not by way of a motion for reconsideration 'but appeal to the Sixth Circuit.'" Id., quoting Dana Corp. v. United States, 764 F.Supp. 482, 489 (N.D. Ohio 1991). Although the Court can choose, in the interests of judicial economy, to rely on its earlier decision as the definitive resolution of the issues decided therein, it is also true that because the filing of a timely Rule 59 motion suspends the finality of the judgment for purposes of appeal and thereby renders the decision interlocutory in nature, the Court can, if it deems appropriate, revisit any legal determination de novo and alter, amend, or even reverse the prior decision if justice so requires. Binkley Co. v. Eastern Tank, Inc., 831 F.2d 333, 336 n.4 (1st Cir. 1987); cf. Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 n.5 (6th Cir. 1982). It is with these standards in mind that the instant motion will be decided.

II.

Mr. Jones first complains that the order failed to specify his right to appeal the Court's ruling and that he needs direction from the Court regarding whether its decision is appealable. Since the filing of his motion for reconsideration, however, Mr. Jones has filed a notice of appeal and two motions for a certificate of appealability. The United States Court of Appeals for the Sixth Circuit is holding his appeal in abeyance until this Court rules on the pending motions. Therefore, this portion of Mr. Jones' motion is apparently resolved.

Mr. Jones next argues that the order failed to state that there were no genuine issues of material fact and that the defendants were entitled to judgment as a matter of law. This contention is without merit. The Report and Recommendation

clearly set forth the standards for ruling on a motion for summary judgment, including the language contained in Fed.R.Civ.P. 56(c) which is cited by Mr. Jones.  Although the Court did not specifically reference this language in its July 16, 2009 order, by adopting the Report and Recommendation in its entirety, the Court incorporated the proper standards for deciding the parties' cross-motions for summary judgment. Furthermore, that the Court implicitly found that there were no genuine issues of material fact and that the defendants were entitled to judgment as a matter of law is abundantly clear. Once the defendants satisfied their initial burden on summary judgment, Mr. Jones was required to set out, by affidavits or as otherwise permitted by rule, specific facts demonstrating a genuine issue for trial.  See Fed.R.Civ.P. 56(e)(2).  Because Mr. Jones did not set out any facts showing that the defendants were deliberately indifferent to his safety, the Court expressly determined that a reasonable jury could not find in his favor on his Eighth Amendment claim.

Mr. Jones again objects to the defendants' alleged failure to provide him with complete discovery.  The Court previously addressed this objection in its July 16, 2009 order and determined that, in light of the evidence considered by the Magistrate Judge, no additional discovery undertaken by Mr. Jones could result in a different outcome.  Mr. Jones does not offer any new legal theory or evidence that would warrant reconsideration.  Moreover, his repeated assertion that the Court should have ordered a Rule 56(f) continuance is belied by the fact that he never asked for such a continuance, but instead filed his own motion for summary judgment.

The final argument Mr. Jones raises in his motion for reconsideration is that a plaintiff seeking damages against prison officials has the right to a jury trial in federal court.

The Court, however, has determined that there are no triable issues in this case and that the defendants are entitled to summary judgment. It is settled law that summary judgment, when appropriate, does not violate a litigant's right to trial by jury under the Seventh Amendment. See Biegas v. Quickway Carriers, Inc., 573 F.3d 365, 373 n.3 (6th Cir. 2009)(citations omitted). Accordingly, the legal principle stated by Mr. Jones has no application to this case.

Lastly, in his reply, Mr. Jones maintains that an inmate may suffer an Eighth Amendment violation even though he has not suffered a serious injury at the hands of corrections officers. Mr. Jones may be correct, but in granting the defendants summary judgment, the Court assumed that he had suffered a serous injury. Therefore, the Court need not revisit the question of whether the defendants' state of mind was sufficiently culpable to have violated the Eighth Amendment.

### III.

Mr. Jones has also moved for a certificate of appealability. That document is issued only in habeas corpus cases, and his motions will therefore be denied. Mr. Jones was permitted to proceed in forma pauperis in this Court. He has now filed a notice of appeal without payment of the applicable fee. Mr. Jones may proceed in forma pauperis on appeal unless the Court certifies that the appeal is not taken in good faith. The Court cannot say with certainty that any argument raised on appeal would be frivolous. Consequently, the Court declines to certify that the appeal is not taken in good faith. The Court will issue a separate order concerning the filing fee to be assessed on appeal.

### IV.

Based on the foregoing reasons, Mr. Jones' motion (#60) requesting amendment, clarification, and/or reconsideration of

4

this Court's July 16, 2009 order is denied.  His motions for a certificate of appealability (##61, 63) are also denied.

                                                    s/Algenon L. Marbley
                                                  Algenon L. Marbley
                                                  United States District Judge